IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERRICK DEVON MATHIS (Dallas Cty. Jail Book-In No. 16052114), Plaintiff, V. CHRIS BARRY, ET AL., Defendants. | § § § § § § § § § § § | No. 3:18-cv-1078-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Errick Devon Mathis, a detainee at the Dallas County Jail, filed a *pro se* action challenging, on constitutional grounds, the conditions of his confinement and the medical care he has received while detained. *See* Dkt. No. 3. His action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. To further the screening of Mathis's claims, the Court ordered the Dallas County Sheriff's Department ("DCSD") to undertake a review of the subject matter set out in the complaint – to ascertain applicable facts and circumstances and to gather relevant jail and medical records – and to prepare a written report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See* Dkt. No. 6. DCSD then filed a *Martinez* report, through which it presented to the Court almost 400 pages of medical records applicable to Mathis (of the more than 3000 pages that it reviewed). *See* Dkt. Nos. 14 & 15; *see also Richie v. Univ. of Tex. Med. Branch Hosp. Galveston*, 581 F.

App'x 405, 407 n.2 (5th Cir. 2014) (per curiam) (recognizing that courts may obtain medical records "in the form of a *Martinez* report"). With the assistance of this report, the undersigned has screened Mathis's claims and now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice for failure to state a claim upon which relief may be granted.

## Legal Standards

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H.*

*Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009);

citations and internal quotation marks omitted).

A *Martinez* report, like an evidentiary hearing held under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), is "a tool" to be used to further develop the factual basis of an *in forma pauperis* or prisoner complaint, to determine whether *sua sponte* dismissal is appropriate. *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (per curiam) (recognizing that the United States Court of Appeals for the Fifth Circuit has "adopted the *Martinez* report as a tool" and citing *Cay v. Estelle*, 789 F.2d 318, 323 n.4, 324 (5th Cir. 1986) ("Regardless of the means used to develop the factual basis of a claim, dismissal under [either 28 U.S.C. § 1915(e) or § 1915A] is appropriate whenever it becomes clear that an IFP [or prisoner] complaint is without merit."), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992)); *accord Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

Information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Hendrickson v. Davis*, 172 F. App'x 48, 48 (5th Cir. 2006) (per curiam); *see, e.g., Ruiz v. Mercado*, Civ. A. No. M-14-1921, 2016 WL 1166040, at *2 (S.D. Tex. Feb. 10, 2016) ("A court may base a dismissal under 28 U.S.C. § 1915(e) 'on medical or other prison

records if they are adequately identified and authenticated,' such as those included in a *Martinez* report, and medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. However, 'a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits.'" (citations omitted)), *rec. adopted*, 2016 WL 1162264 (S.D. Tex. Mar. 23, 2016); *see also Bailey v. Vincent*, 694 F. App'x 283, 284 (5th Cir. 2017) (per curiam) ("[A]lthough the State raised affirmative defenses in its *Martinez* report, Bailey has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances." (citing *Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992) (approving the Tenth Circuit's *Martinez v. Aaron* procedures as a means "to enable the trial court to make a determination of frivolity" (citation, ellipses, and brackets omitted)))).

**Discussion**

I.  Conditions of Confinement

While Mathis has named some medical personnel at the jail as defendants, many of his claims are properly classified as generalized challenges to his living conditions at the jail – his single-cell confinement; his lack of access to outside recreation; and that he is not allowed to use the law library. As to these conditions-of-confinement claims, even if the Court accepts Mathis's allegations "as true and resolv[es] all disputed facts in his favor," *Hendrickson*, 172 F. App'x at 48 – after considering the record before the Court as supplemented (but not contradicted) by the *Martinez* report

– Mathis fails to allege plausible constitutional violations.

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45). "At the outset, the Court must determine whether a plaintiff alleging violations of his Fourteenth Amendment rights is challenging a condition of confinement or an 'episodic act or omission.'" *Campos v. Webb Cnty. Sheriff's Dep't*, No. 5:12-CV-7, 2014 WL 1379668, at *5 (S.D. Tex. Apr. 3, 2014) (citation omitted).

> If the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating a municipal entity's or individual jail official's actual intent to punish because, ... intent may be inferred from the decision to expose a detainee to an unconstitutional condition. A condition is usually the manifestation of an

-6-

> explicit policy or restriction: the number of bunks per cell, mail privileges, disciplinary segregation, etc. In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice."

*Shepherd*, 591 F.3d at 452 (first citing *Scott v. Moore*, 114 F.3d 51, 53 n.2 (5th Cir. 1997) (en banc); then quoting *Hare*, 74 F.3d at 645); *see also Montano v. Orange Cnty., Tex.*, 842 F.3d 865, 874 (5th Cir. 2016) ("[T]hree elements must be established to prove an unconstitutional condition of confinement: '(1) "a rule or restriction or ... the existence of an identifiable intended condition or practice ... [or] that the jail official's acts or omissions were sufficiently extended or pervasive"; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [a detainee's] constitutional rights.'" (quoting *Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 468 (5th Cir. 2015))).

Mathis admits in his complaint that he was placed in administrative custody based on a sexual misconduct allegation. *See* Dkt. No. 3 at 2. Indeed, this misconduct resulted in a misdemeanor criminal charge of indecent exposure, of which the Court may take judicial notice, and which case remains pending. *See State v. Mathis*, No. M17-18892 (Cnty. Crim. Ct. No. 2, Dallas Cnty., Tex.). Mathis fails, moreover, to allege facts that could show the extraordinary circumstances necessary to present a due process claim based on single-cell confinement or administrative custody. *See, e.g., Ryals v. El Paso Cnty.*, No. EP-13-CV-289-PRM, 2014 WL 10184580, at *6 (W.D. Tex. Nov. 24, 2014) ("[S]egregation in a single cell does not implicate a protected liberty

interest 'unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' Thus, absent extraordinary circumstances, 'administrative segregation ... will never be a ground for a constitutional claim.' Such extraordinary circumstances are rarely found." (quoting *Hernandez v. Uelasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting, in turn, *Sandin v. Conner*, 515 U.S. 472, 484 (1995)))).

Similarly, Mathis generally alleges that the plumbing and ventilation in his cell is poor or out of order. He offers no specific facts to support these allegations. But records made part of the *Martinez* report document a complaint made by Mathis regarding his cell's plumbing and the jail's timely response to that complaint. *See* Dkt. No. 14-1 at 24. Mathis further generally alleges – again without offering factual specifics – that he has been denied access to outside recreation. But the *Martinez* report supplements these general allegations with Mathis's documented refusals to participate in recreational opportunities. *See id.* at 103-08.

And Mathis's claim that he was denied access to the jail law library must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). This right is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). And lack of access to legal materials may

-8-

constitute an unconstitutional infringement on a detainee's right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).

To prevail on an access-to-the-courts claim, however, a detainee must show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349–51 (1996). An injury can be shown when the detainee demonstrates that the policies or actions of jail officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356. But Mathis has not alleged facts from which it may be inferred that he has a nonfrivolous legal claim that is civil in nature. And, because a detainee's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney, *see Bounds*, 430 U.S. at 828, to the extent that his law-library claim implicates his state criminal prosecutions, the appointment of counsel for Mathis in those proceedings satisfies the constitutional requirements, *see id.* at 830-31; *Lewis*, 518 U.S. at 351-52.

II. <u>Medical Care</u>

"[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). Through the procedural and substantive due process guarantees of the Fourteenth Amendment, then, "the deliberate indifference standard articulated ... in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees." *Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare*, 74 F.3d at 643).

To state a constitutional claim, Mathis must allege that jail officials acted with

deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))). "And, the 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838); *cf. id.* ("Deliberate indifference is an extremely high standard to meet."); *accord Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018).

Mathis's complaints regarding his medical care at the jail do not come close to alleging facts that could plausibly meet this standard. At most, he has alleged that he disagrees with the medical care he has received. But a disagreement with medical treatment or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish a constitutional violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton

-10-

disregard for any serious medical needs").

On top of this, "the sheer volume of medical records that have been provided to the Court and to [Mathis, through the *Martinez* report,] tend to belie any deliberate indifference on the defendants' part." *Davenport v. Tanner*, Civ. A. No. 13-505, 2014 WL 2041869, at *3 (E.D. La. May 16, 2014); *see also Jones v. Valdez*, No. 3:16-cv-215-O-BN, 2017 WL 712772, at *5 (N.D. Tex. Jan. 25, 2017) (An inmate's "'own voluminous medical records' belies [his] nonspecific claim that his medical treatment – much less medical treatment by Defendants – at the Jail, which may not have been to his complete satisfaction, violated his rights under the Eighth Amendment." (collecting cases)), *rec. accepted*, 2017 WL 697805 (N.D. Tex. Feb. 22, 2017). As explained in the *Martinez* report,

> [t]o aid in the preparation of this report, 3091 pages of records of the Dallas County Hospital District, d/b/a/ Parkland Health & Hospital System that contain and discuss medical and mental health conditions and treatment relating to Dallas County Jail detainee, Errick Devon Mathis, were forwarded to the undersigned Assistant District Attorney. Given the volume of the records, only those portions relevant to Mathis' claims (called "Exhibits") are included in Appendix B to the *Martinez* Report[, filed under seal.]

Dkt. No. 14 at 8.

III.   Further Leave to Amend

Given Mathis's *pro se* status, the Court has accepted his piecemeal amendments to his claims throughout this proceeding. *See* Dkt. Nos. 11, 16, 17, 18, 24, 25, 26, 27, & 28. Those amendments do not alter any findings and conclusions set out above. And, based on the record here and those opportunities to amend, the undersigned

-11-

recommends that the Court dismiss Mathis's claims with prejudice at this point.

## Recommendation

The Court should dismiss this action with prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 10, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE